| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

WOODY HANSE,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 18-cv-00095-RS (PR)

**ORDER TO SHOW CAUSE**

# INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before **June 11, 2018**, unless an extension is granted. Because petitioner does not provide the date of his conviction, it is unclear whether the petition is timely filed.

# BACKGROUND

The facts that follow are based on the petition. Petitioner pleaded guilty in the Contra Costa County Superior Court to two counts of committing lewd and lascivious acts on a child (Cal. Penal Code § 288). He was sentenced to eight years in state prison. He did not pursue any direct appeals, but he did file for state collateral relief. After his state habeas petitions were denied, he filed the instant federal habeas petition.

# DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ

should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) his guilty plea was not knowing and voluntary; (2) defense counsel rendered ineffective assistance; and (3) the state courts violated the Equal Protection Clause when it denied him relief he was owed under a new state law. When liberally construed, Claims 1 and 2 are cognizable on federal habeas review and shall proceed. Claim 3 does not state a cognizable claim and therefore is DISMISSED. An allegation that a state court misapplied state law "neither gives rise to an equal protection claim, nor provides a basis for habeas relief." *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006).

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **June 11, 2018**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **June 11, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4

of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid.

9. The Clerk shall amend the docket to reflect that Shawn Hatton, the warden of the prison in which petitioner is housed, is the sole respondent in this action. Petitioner erroneously named "Scott Kernan, et al." as respondents. Hatton is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

**IT IS SO ORDERED.**

Dated: April 4, 2018

_____
RICHARD SEEBORG
United States District Judge