UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WOODY HANSE,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 18-cv-00095-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is untimely, as respondent points out in his motion to dismiss. The petition is DISMISSED.

## BACKGROUND

In 2015, petitioner pleaded guilty in the Contra Costa County Superior Court to two counts of committing lewd and lascivious acts on a child (Cal. Penal Code § 288) and admitted to a "substantial conduct allegation." (Mot. to Dismiss, Dkt. No. 12 at 1-2.) On the same day, he was sentenced to eight years in state prison. (*Id.* at 2.)

Petitioner did not pursue any direct appeals, but he did file for state collateral relief. After his state habeas petitions were denied, he filed the instant federal habeas petition.

# DISCUSSION

## A. Standard of Review

Federal habeas petitions must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## B. Timeliness of the Petition

Because he did not file an appeal, petitioner's conviction became final on July 6, 2015, which was 60 days after he was sentenced (May 7, 2015). *See* Cal. Rules of Court, rule 8.308(a). He then had one year, until May 8, 2016, to file a timely federal habeas petition.

The instant federal habeas action, however, was not filed until December 27, 2017[1], well after the May 8, 2016 deadline. On this record, absent sufficient statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

---

[1] Petitioner is entitled to this filing date, rather than the January 5, 2018 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (December 27, 2017) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

### 1. Statutory Tolling

Relief from AEDPA's one-year deadline is available in the form of statutory tolling, if certain conditions are met. The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Petitioner is entitled to some tolling, as respondent concedes, though it is not enough tolling to save the petition. He is entitled to 255 days of tolling, the time during which his first round of state habeas petitions was pending in the state superior, appellate, and supreme courts. This first round began on April 13, 2016, when he filed a petition in the superior court, and ended on January 18, 2017, when the state supreme court denied the petition he filed there. These 255 days extend the federal filing deadline from May 8, 2016 to January 17, 2017.

Even with this new filing deadline, the petition is untimely. The federal petition was filed on December 27, 2017, which is well after the January 17, 2017 deadline.

Petitioner contends he is entitled to additional tolling for the time during which a second round of state habeas petitions was pending. This second round began on June 20, 2017 with a petition filed in the superior court and ended on January 31, 2017 when the state supreme court denied the petition he filed there. (MTD, Dkt. No. 12 at 2.)

Petitioner is not entitled to statutory tolling for this second round of state habeas petitions. Once the federal limitations period expired on January 17, 2017, any subsequent state petitions (such as the June 20, 2017 one) cannot toll the filing deadline. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner also contends he filed another petition on January 2, 2017 (which he alleges he refiled in April 2017) in the Contra Costa County Superior Court and is entitled to further tolling for the time during which those petitions were pending. (Opp. to MTD, Dkt. No. 13 at 1-2.) There is no support for his assertion that he filed these petitions. The

copies he appends to his federal filing bear no indication of filing, e.g., there is no court-receipt stamp or case number. (*Id.* at 5-20.) Furthermore, petitioner gives contradictory dates for filing. In his opposition, he says he filed the petitions in 2017, but in another filing he asserts he filed them in 2018. (Dkt. No. 16 at 1.) The certificates of service petitioner filed and the petitions themselves bear "2017."

According to respondent, (i) there is nothing in petitioner's outgoing mail record to show he ever sent these petitions; and (ii) the Contra Costa Superior Court has no record of any petitions filed by petitioner in the first five months of 2017. (Reply, Dkt. No. 17 at 2-3.) Because petitioner has not established that he filed these petitions, he is not entitled to any additional tolling based on them. Absent adequate equitable tolling, the petition will be dismissed as untimely.

**2. Equitable Tolling**

Relief from the one-year deadline of AEDPA is available in the form of equitable tolling, if certain conditions are met. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Petitioner provides no basis for a grant of equitable tolling. He quotes from a Ninth Circuit case, but does not show how it applies to his suit. (Opp., Dkt. No. 13 at 3.) He provides no facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. The petition will be dismissed.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 12.) The petition is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 31, 2019

_____
RICHARD SEEBORG
United States District Judge